## ABBY Z. COFFIN *vs.* WILLIAM LORING.

The maker of a note which is payable by instalments, at future times certain, with interest, is entitled to grace both on the principal and interest; and the condition of a mortgage given to secure the payment of the same sums and interest at the same times is not broken until the expiration of the grace which is allowed upon the note.

WRIT OF ENTRY to foreclose a mortgage of a piece of land in West Roxbury.

In the superior court, a trial by jury was waived, and the case was heard before *Ames*, J. The plaintiff relied upon a mortgage of the premises, executed by the defendant to her, dated September 30th 1856, the condition of which was as follows:

" Provided, nevertheless, that if the said grantor, his heirs, executors or administrators, shall pay unto the said grantee, her executors, administrators or assigns, the sum of two thousand two hundred and seventy-five dollars, $\frac{75}{100}$, in payments of one hundred and fifty dollars per year, ($150,) the first payment to be on the first of September 1857, with interest payable semi-annually, and subsequent payments to be on the first of September each and every year, then this deed, as also a certain promissory note, bearing even date with these presents, signed by the said Loring, whereby, for value received, he promises to pay to the said Coffin or her order the said sum and interest, at the times aforesaid, shall both be absolutely void to all intents and purposes. And provided, also, that until default of the payment of the said sum or interest, or other default as herein provided, the mortgagee shall have no right to enter and take possession of the premises."

It appeared that all the payments which fell due were punctually paid until the 1st of September 1861, on which day no payment was made. The defence was, that the action, which was commenced on the 2d of September 1861, was prematurely brought; but the judge ruled otherwise, and found for the plaintiff. The defendant alleged exceptions.

*T. S. Dame,* for the defendant.

*G. W. Searle*, for the plaintiff.

BIGELOW, C. J.   It is quite immaterial to the decision of this case whether, by the terms of the note, the interest fell due on the first or on the thirtieth day of September.   If on the latter day, then it is clear that there was no breach of the condition of the mortgage at the time of the commencement of this action.   Neither the instalment of the principal nor the interest on the note was then due.   If, however, the construction of the promise is, that interest was due on the first day of the month, we are of opinion that it was not payable until the instalment of the principal, which was also due on the first day, became payable, that is, after the expiration of the three days allowed by law as grace on a negotiable note for the payment of money at a future day certain.   We suppose the rule to be well settled by uniform commercial usage, that when a note or an instalment of a note bearing interest becomes due on a certain fixed day, both the principal and interest are payable on the same day, that is, after the expiration of the three days allowed for grace.   The interest, being a mere incident of the principal, follows the latter, and becomes payable at the same time.   Indeed, if it were not so, the absurd result would follow, that either the holder of the note would lose the interest on the three days of grace, or the promisor would be compelled to make two separate payments of the interest, namely, that which was due on the day when the note was due, and that which fell due on the last day of grace.   It follows that in the present case neither the instalment due on the note nor the interest on the principal was payable until the fourth day of September, which was two days after this suit was brought.   There was then no breach of the condition of this mortgage, and no right of entry in the mortgagee, because by the stipulations in the deed the mortgagor was entitled to possession of the premises until default was made in the payment of the principal or interest of the debt secured by the mortgage.   Whether the same rule would apply, if no part of the principal but only interest on the debt had fallen due on the first day of the month, we are not called on to determine in the present case.

It was suggested by the plaintiff, that the condition of the mortgage contains a stipulation for the payment of money on a certain fixed day independently of the note, and that no days of grace can be claimed on such an agreement, but only on bills of exchange and promissory notes. But the fallacy of this argument is, that the debt secured by the mortgage is one and the same with that which the promisor agrees to pay by the note. The mortgage is only collateral security for the payment of the note. There is only one promise to pay money, and of that promise the note is the legitimate evidence. If the note is paid according to its terms, there is no breach of the mortgage. The rule of law is well settled, that a defendant may show the same matters in defence to a writ of entry on a mortgage given to secure payment of a note, which he might show in defence to an action on the note, the statute of limitations only excepted. *Thayer* v. *Mann*, 19 Pick. 535. *Vinton* v. *King*, 4 Allen, 564.

*Exceptions sustained.*